UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS ABREU,

                Plaintiff,

v.

KEVIN J. BROWN, et al.,

                Defendants.
_____

**DECISION AND ORDER**

6:14-CV-06599 EAW

## INTRODUCTION

Plaintiff Carlos Abreu ("Plaintiff"), *pro se* and incarcerated at Great Meadow Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising out of his incarceration at Wende Correctional Facility. (Dkt. 1). Pending before this Court is Plaintiff's motion to recuse the undersigned from this matter. (Dkt. 48). For the reasons discussed below, the Court denies Plaintiff's motion.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on October 20, 2014. (Dkt. 1). On November 5, 2014, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, ordered the Clerk of Court to close the case, and granted Plaintiff 30 days to move to reopen his case. (Dkt. 7). On December 9, 2014, the Clerk of Court entered judgment. (Dkt. 8). On February 9, 2015, Plaintiff moved to reopen his case and vacate the judgment. (Dkt. 9). The case was transferred to the undersigned on April 7, 2015. (Dkt. 16).

On June 3, 2015, the Court granted Plaintiff's motion to reopen the case, granted him leave to proceed *in forma pauperis*, consolidated another action filed by Plaintiff (under case number 6:15-CV-06155) with this case, and granted him leave to file an amended complaint within 30 days. (Dkt. 21). The Court explained that it could not effectively screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a) and § 1915A in light of the fact that it was handwritten and voluminous, containing approximately "266 handwritten pages, plus exhibits, 1170 numbered paragraphs and 131 named and unnamed defendants, many of which are . . . redundant." (*Id.* at 6). Plaintiff was mailed a copy of his complaint and his supplement to his complaint with a copy of the Decision and Order dated June 3, 2015. (*Id.*).

On June 25, 2015, the Court granted Plaintiff's request for an extension of time to file an amended complaint on or before September 1, 2015. (Dkt. 27).

On September 2, 2015, Plaintiff requested another extension of time to file an amended complaint, contending that he could not submit one because of a recent surgery on his hand. (Dkt. 30 at 1). He also requested appointment of counsel to assist in the preparation of an amended complaint. (*Id.* at 1-2). The Court granted Plaintiff's request for a second extension of time, setting November 2, 2015, as the deadline to file an amended complaint, but denied his motion for appointment of counsel as premature. (Dkt. 31).

In a letter dated October 21, 2015, Plaintiff stated that he had been transferred from Sullivan Correctional Facility to the Special Housing Unit of the Great Meadow Correctional Facility. (Dkt. 32 at 1). He stated, *inter alia,* that prison staff restricted his

access to writing supplies (such as paper and envelopes) and confiscated his multiple bags of legal papers, which he needed to prepare an amended complaint. (*Id.* at 3). He requested that the Court stay all deadlines in the case and schedule a videoconference to discuss the issue of his access to legal papers. (*Id.* at 3-4).

On November 9, 2015, the Court granted Plaintiff's request to stay the deadlines in this case pending a discussion of Plaintiff's access to his legal papers at a December 8, 2015, videoconference. (Dkt. 33). At the videoconference, the Court directed Assistant Attorney General Hillel Deutsch ("A.A.G. Deutsch") to contact Great Meadows Correctional Facility to facilitate Plaintiff's access to legal papers. (*See* Dkt. 36).

In a letter to the Court dated December 10, 2015, A.A.G. Deutsch outlined a process that the New York State Department of Corrections and Community Supervision ("DOCCS") designed to provide Plaintiff with access to his bags of legal papers. (Dkt. 40 at 2). To access one of his bags, Plaintiff would be required to make a written request to switch out any bag for any other bag, and prison staff would provide the new bag to him by the close of the next business day. (*Id.*). Citing DOCCS Directives 4933, 4913, and 4911, A.A.G. Deutsch explained that "legal papers on active cases are permitted [in a prisoner's cell] to the extent that they do not constitute a fire hazard." (*Id.* at 1). In a letter to the Court dated December 29, 2015, A.A.G. Deutsch informed the Court that Plaintiff was refusing to participate in the process because he believed he should have access to multiple bags of legal papers in his Special Housing Unit cell at one time, notwithstanding the security and safety concerns set forth by A.A.G. Deutsch. (Dkt. 41).

The Court held a further status conference on January 12, 2016. (Dkt. 38). Plaintiff's access to his bags of legal papers and writing supplies was discussed at length during the status conference. (*Abreu v. Farley*, No. 6:11-CV-06251 EAW, Dkt. 91 (1/12/16 Status Conference Transcript)). The Court informed Plaintiff that he was free to file a motion seeking relief from DOCCS's process regarding his bags of legal papers and that the Court would consider any such motion, but on the record before it, the Court found no basis to order DOCCS to take any different action. (*Id.* at 9-10). The Court also expressed skepticism that Plaintiff had no access to writing supplies given that he had recently submitted written materials to the Court, but nevertheless informed Plaintiff that "if, in fact, [he] ha[d] proof that [he was] being denied paper and writing materials, then [he] c[ould] file a motion . . . to extend the six-month deadline" to file an amended complaint. (*Id.* at 12).

After the status conference, on January 24, 2016, the Court issued a scheduling order setting July 15, 2016, as the deadline for Plaintiff to file an amended complaint. (Dkt. 39). The Court stated that it would not grant any additional extensions of time. (*Id.*).

On February 24, 2016, Plaintiff moved to vacate and reconsider the Court's scheduling order. (Dkt. 42). In his motion, Plaintiff reiterated his assertion that he had been denied access to writing supplies, as well as his bags of legal papers, and requested not only that the Court vacate its scheduling order, but also that it order DOCCS to provide Plaintiff writing supplies and his bags of legal papers. (*Id.* at 12-13). The Court denied the motion "for the reasons stated on the record at the status conference held on

January 12, 2016," and reiterated that the amended complaint had to be filed on or before July 15, 2016. (Dkt. 43). The Court reasoned that "Plaintiff's submission of approximately 28 pages of handwritten materials and copies of exhibits [in support of his motion for reconsideration] defies Plaintiff's assertion that he has been denied access to paper and postage for legal mail." (*Id.*).

On June 3, 2016, in response to Plaintiff's request, the Court ordered the Clerk of Court to provide Plaintiff with a complete copy of his complaint and supplement to his complaint in order to assist him with the drafting of an amended complaint. (Dkt. 47).

On June 16, 2016, Plaintiff moved to recuse the undersigned. (Dkt. 48). The Court issued a scheduling order, requiring Defendants to file a response on or before July 7, 2016. (Dkt. 49). Defendants did not file any response. On July 11, 2016, Plaintiff filed an amended complaint. (Dkt. 50).

## DISCUSSION

### I. Motion for Recusal

In his motion for recusal, Plaintiff describes various circumstances that, in his view, have hindered his ability to proceed in this case and, in particular, to file an amended complaint. He reiterates his assertion that he has been continuously denied access to writing supplies and his bags of legal papers. (*See generally* Dkt. 48). He also takes issue with the Court's decision to deny his request to appoint *pro bono* counsel to assist with the preparation of an amended complaint, arguing that the decision was erroneous because he has limited education and English language skills and because he

was appointed *pro bono* counsel in another lawsuit.[1] (*Id.* at 3-4). Plaintiff states that various medical procedures also hindered his ability to prepare an amended complaint. (*Id.* at 5).

Plaintiff requests that I recuse myself from this lawsuit, alleging that I am "[p]ro Defendant and [am] ruling in their favor, when it is well known that a judge is supposed to act in a neutral manner with both parties in any litigation." (*Id.* at 7). Plaintiff contends that I engaged in "judicial misconduct" because I denied his motion for reconsideration and purportedly "will not consider [his] letters, showing [my] judicial misconduct." (*Id.*). In particular, he contends that I neglected to consider his "proofs and evidences, and exhibits that [he] sent . . . in December 2015 challenges to the letters of the Attorney General's Office . . . ." (*Id.* at 8). Plaintiff asserts that my purported "misconduct against [him] in a non-neutral fashion, is being unfair, arbitrary and capricious favoritism in the Defendants['] behalf, and should be consider[ed] in all respects serious judicial misconduct." (*Id.* at 8-9).

## II. Legal Standard

A judge must recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and/or "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

---

[1] That lawsuit is *Abreu v. Farley*, No. 6:11-CV-06251 EAW, commenced on May 10, 2011, by the filing of an approximately 340-page, handwritten complaint that named more than 130 defendants and alleged various constitutional violations arising out of Plaintiff's incarceration at Five Points Correctional Facility. (Dkt. 1). On August 11, 2011, *pro bono* counsel was appointed to represent Plaintiff. (Dkt. 9). On January 5, 2015, that case was also transferred to the undersigned. (Dkt. 48).

concerning the proceeding," *id.* at § 455(b)(1). "[R]ecusal motions are committed to the sound discretion of the district court. . . ." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). In deciding whether to recuse, a judge considers whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned[.]" *Id.*

### III.  Application

Recusal is not warranted. Plaintiff devotes a significant portion of his motion for recusal to descriptions of the various circumstances that conspired to frustrate his ability to file an amended complaint. As an initial matter, the fact that Plaintiff filed his amended complaint by this Court's deadline undermines Plaintiff's arguments. In any event, by Plaintiff's own description, the circumstances that hindered his preparation of an amended complaint are attributable not to my decisions or conduct, but rather to the alleged actions of prison officials. According to Plaintiff, the reasons that he had been unable to amend are as follows:

> (1) The Facility continues denying [him] any reasonable accommodations to access [his] legal work. (2) The Prison Officials continue to confiscate [his] legal work, and now even refuses to provide the one-bag limit, and continues to enforce limitations of legal postage and legal copies for an entire year. (3) And continues in denying [him] writing paper, envelopes, carbon paper, etc.

(Dkt. 48 at 8). The prison officials' decisions regarding the management of Plaintiffs' legal materials and access to writing supplies do not give rise to any reasonable basis to question the undersigned's impartiality.

To the extent that Plaintiff contends that the Court failed to address the issue of his access to his bags of legal papers, the record does not show that to be the case. The Court has spent considerable time addressing the issue both in this case and in the *Abreu v. Farley* matter. In the latter, after Plaintiff represented that prison officials were threatening to destroy his bags of legal papers, the Court ordered DOCCS to "preserve the legal materials of Plaintiff Carlos Abreu, Inmate No. 99A3027, while he is being housed at Great Meadow Correctional Facility, as well as at any future DOCCS facility at which he may be housed." (*Abreu v. Farley*, No. 6:11-CV-06251 EAW, Dkt. 98 (7/28/2016 Text Order)).[2] Simply put, any contention that the Court has failed to address the issue of Plaintiff's access to his legal papers is baseless. Indeed, significant time has been devoted to addressing this very issue.

At bottom, Plaintiff's motion for recusal is an expression of his dissatisfaction with the Court's decisions in this case. He takes issue with the determinations I made regarding his requests for appointment of counsel and for reconsideration, and he claims, in a conclusory fashion, that I am biased in favor of Defendants and have not considered his submissions. But disagreement with my decisions is not evidence of any bias or prejudice. Judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Mills v. Poole*, Nos. 1:06-cv-00842-MAT-VE, 1:11-cv-00440, 2014 WL 4829437, at *6 (W.D.N.Y. Sept. 29,

---

[2] In a letter dated January 19, 2017, Plaintiff stated that his legal papers "will be available [to] me in Upstate CF SHU very soon, in my cell." (*Abreu v. Farley*, No. 6:11-CV-06251 EAW, Dkt. 108 at 2 (Letter)). Based on Plaintiff's letter, it appears that the issue of Plaintiff's access to his bags of legal papers has been resolved.

2014) ("Petitioner's claims of bias and impartiality on the part of the undersigned . . . are both conclusory and based entirely on his disagreement with the Court's decisions. This is an insufficient basis for recusal."). Nothing in the record suggests that I have based my decisions on any favoritism toward Defendants or anything other than my honest view of the law and the facts. Moreover, Plaintiff's conclusory assertion that I have failed to consider his arguments or submissions is undermined by the record in this case. Rather than ignore Plaintiff's submissions, Plaintiff's requests have been addressed on the record through various orders of this Court and in multiple status conferences.

Based on the record in this case, I conclude that no reasonable observer would question my impartiality. Moreover, nothing in the record suggests that I am biased in favor of Defendants or against Plaintiff. Accordingly, Plaintiff's motion for recusal is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal (Dkt. 48) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 7, 2017
       Rochester, New York