UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS ABREU,

                        Plaintiff,

     v.                                    9:18-CV-0186
                                                  (MAD/ATB)

J. WESTON, et al.,

                        Defendants.

---

APPEARANCES:

CARLOS ABREU
046 046 276
Plaintiff, pro se
**(last known address)**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

HON. LETITIA JAMES                    JOHN F. MOORE, ESQ.
NEW YORK STATE ATTORNEY GENERAL   Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

ANDREW T. BAXTER
Chief United States Magistrate Judge

# REPORT-RECOMMENDATION and ORDER

## I.    INTRODUCTION

Pro se plaintiff Carlos Abreu ("Plaintiff"), a former New York State prison inmate, whose address is not currently known to the court, commenced this civil rights action asserting claims arising out of his confinement while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1

("Compl."). Plaintiff has failed to provide the Court with his current address, beginning in June 2019 when his mail was returned "undeliverable." Dkt. No. 116. For the reasons set forth below, this court recommends that the Amended Complaint be dismissed for failure to prosecute.

## II.     RELEVANT BACKGROUND

In October 2014, Plaintiff commenced this civil rights action in the United States District Court for the Western District of New York ("Western District"). On June 3, 2015, Plaintiff was granted leave to proceed in forma pauperis and leave to file an amended pleading. *See* Dkt. No. 21. On July 11, 2016, Plaintiff filed an Amended Complaint and paid the requisite filing fee. *See* Dkt. No. 50 ("Am. Compl."). In January 2018, Judge Elizabeth A. Wolford severed and transferred the portion of Plaintiff's claims related to events that occurred at Great Meadow Correctional Facility ("Great Meadow C.F.") to the Northern District of New York. *See* Dkt. No. 56.

In a Decision and Order filed on May 1, 2018 (the "May 2018 Order"), this Court reviewed the sufficiency of the Amended Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 58. Based upon that review, the Court directed defendants to respond to Plaintiff's claims. *See id.* Defendants, who have been properly served, filed Answers to the Amended Complaint. *See* Dkt. Nos. 86, 91, 93.

On April 3, 2019, Plaintiff was transferred to Buffalo Federal Detention Facility to await deportation proceedings. *See* Dkt. No. 103 at 1. On April 22, 2019, Plaintiff filed a Notice of Change of Address and a request for the appointment counsel. *See id.* On May 1, 2019, Plaintiff filed a motion in further support of his request for counsel and for the following relief:

2

(1) an Order directing "DOCCS officials at Great Meadow C.F." to provide his legal papers and documents, or, in the alternative, for copies of documents, papers, and orders related to this action from the Court; (2) for an Order staying deportation; and (3) for "reconsideration of any Court Orders[,] open back any cases/actions [that] may be dismissed or closed administratively. *See* Dkt. Nos. 106 and 107 (submission in support). Defendants responded to Plaintiff's motions. *See* Dkt. No. 109.

In a Decision and Order filed on May 14, 2019 (the "May 2019 Order"), the Court directed the Attorney General's Office to contact prison officials at Great Meadow Correctional Facility ("Great Meadow C.F.") and/or DOCCS, to determine the location of Plaintiff's legal documents and paperwork and to provide the Court with a Status Report. *See* Dkt. No. 110 at 10-11. On May 21, 2019, the Attorney General's Office filed a Status Report advising that, Plaintiff's brother, "E. Abreu", took possession of Plaintiff's legal paperwork from Great Meadow C.F. on April 21, 2019. *See* Dkt. No. 111 at 1. Counsel provided documentary proof of that transaction. *See* Dkt. No. 111-1 at 4-6.

On May 28, 2019, Defendants filed a second Status Report and advised that, on May 21, 2019, Plaintiff was deported to the Dominican Republic. *See* Dkt. No. 114. Accordingly, Defendants moved to administratively close this action or, in the alternative, requested that the discovery deadline, be "adjourned without date." *See id.*

In a decision and order filed on July 19, 2019 (the "July 2019 Order"), the Court denied Defendants' motion to close the matter and extended the discovery deadline for thirty days. *See* Dkt. No. 117. The Court also addressed Plaintiff's deportation and reminded Plaintiff of his obligation to inform the Court of any address change:

3

> Despite finding that a stay is not warranted, the Court must address Plaintiff's deportation. On June 10, 2019, the Court received mail marked "undeliverable" to Plaintiff at Buffalo Federal Detention Center. Dkt. No. 116. Under this Court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. *See* N.D.N.Y.L.R. 10.1(c)(2). Plaintiff has not provided the Court with a current address or a domestic address. The Court previously advised Plaintiff of his continuing obligation to keep the court informed of address changes. *See* Dkt. No. 102. Consequently, Plaintiff is advised that he must immediately file a change of address, and he must continue to submit any address changes to the court as long as his action is pending. "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

Dkt. No. 117 at 5.

A copy of the July 2019 Order was mailed to Plaintiff at Buffalo Federal Detention Facility. On July 31, 2019, the July 2019 Order was returned marked "Return to Sender, Attempted - Not Known - Unable to Forward." *See* Dkt. No. 118.

### III. FAILURE TO PROSECUTE

#### A. Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or comply with any order of the court. *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). Courts may exercise the dismissal power *sua sponte*. *Link*, 370 U.S. at 630. Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York provides that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) "may result in the dismissal of any pending action ." N.D.N.Y. L.R. 41.2(b). It is neither the Court's function, nor

4

Defendants' responsibility, to search for Plaintiff's possible location after his deportation. *See Dansby v. Albany Cty. Corr. Facility*, No. 6:95–CV–1525 (RSP/RWS), 1996 WL 172699 at *1 (Apr. 10, 1996) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.") (quoting *Perkins v. King*, No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (further citations omitted)).

When assessing whether to dismiss a case for failure to prosecute, district courts should consider whether the plaintiff's failure caused a delay of considerable duration; whether the plaintiff was given notice that further delay would result in dismissal, and whether the defendants will be prejudiced by further delay. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with the plaintiff's right to have his day in court, and the court must assess the efficacy of lesser sanctions. *Id*. Dismissal is a harsh remedy to be used only in "extreme situations." *LeSane*, 239 F.3d at 209. The Second Circuit has also "emphasized the importance of first giving a pro se litigant a direct warning that his case will be dismissed for failure to prosecute [.]" *Lowmack v. Napoli*, No. 1:07–CV–0200, 2011 WL 1560930 at *3 (W.D.N.Y. Apr. 5, 2011) (citing *Drake*, 375 F.3d at 251), *adopted* 2011 WL 1560972 (W.D.N.Y. Apr. 25, 2011). The factors outlined by the Second Circuit apply even

when the deportation of a party provides a basis for dismissal for failure to prosecute. *Brown v. Wright,* No. 05-CV-82 (FJS/DRH), 2008 WL 346347, at *3 (N.D.N.Y. Feb. 6, 2008).

### B.     Application

After reviewing the record, the Court finds that consideration of the factors discussed above weighs in favor of dismissal. Plaintiff was deported from the United States in May 2019. *See* Dkt. No. 114. Despite the passage of five months, Plaintiff has failed to update his address with the Court. Plaintiff's last communication with this Court was in May 2019. *See* Dkt. No. 112.

The Local Rules of the Court require that "[a]ll ... pro se litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). The Court expressly informed Plaintiff, a frequent litigator in this Circuit[1], of this requirement in the May 2018 Order. *See* Dkt. No. 58 at 60 ("Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any changes in his address; their failure to do so will result in the dismissal of his action." (emphasis in original). In an Order issued on April 17, 2019, Plaintiff was reminded of his obligation to inform the Court of any address change. *See* Dkt. No. 102. Plaintiff acknowledged this duty to and filed two Notices of Change of Address during the course of this litigation. Dkt. Nos. 81 and 103. Although the Court attempted to further warn Plaintiff, in its July 2019 Order, that his failure to update his address may result in dismissal of the action, that order did not reach Plaintiff. *See* Dkt. No. 117 at 5 and Dkt. No. 118.

The fact that Court communications sent to the address given by Plaintiff over the past

---

[1]     Plaintiff commenced at least forty actions in district courts in this Circuit since October 2008. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited Sept. 20, 2019).

five months have all been returned as undeliverable presents an obvious impediment to the case going forward, resulting in prejudice to Defendants. Discovery has not been completed and Plaintiff has not been deposed. Due to his immigration status and failure to notify the Court of his address, this matter could remain open on this Court's docket "indefinitely." *See Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, at *8 (E.D.N.Y. Sept. 4, 2012) (dismissing the complaint due to the plaintiff's deportation and failure to update address noting further that the plaintiff must obtain permission from the Secretary of the Department of Homeland Security to return to the United States to participate in the trial).

It appears that Plaintiff has abandoned this action.[2] Without knowing Plaintiff's whereabouts, less drastic sanctions would be ineffective. The Court, therefore, recommends dismissal of Amended Complaint pursuant to Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute this action, and for failure to obey the Court's orders. *See Din v. Annucci*, No. 9:17-CV-1147 (LEK/DEP), 2019 WL 1494616, at *2 (N.D.N.Y. Feb. 15, 2019) (dismissing action, sua sponte, due to the plaintiff's failure to communicate with Court for six months after he was deported).

## IV. CONCLUSION

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED** that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to Rule

---

[2] At the time he was deported, Plaintiff had seven additional active civil rights cases on this Court's docket. On August 28, 2019, the Court issued an Order dismissing the following actions, without prejudice, for failure to provide the Court with a Notice of Change of Address or otherwise communicate with the Court. *See Abreu v. Travers, et. al.*, No. 9:15-CV-0540 (MAD/ATB), Dkt. No. 68; *Abreu v. Hilton, et. al.*, No. 9:18-CV-564 (MAD/ATB), Dkt. No. 31; *Abreu v. Dougherty, et. al.*, No. 9:18-CV-828 (MAD/ATB); Dkt. No. 33; and *Abreu v. Wells, et. al.*, No. 9:18-CV-989 (MAD/ATB), Dkt. No. 38. In each of those cases, the Order was forwarded to Plaintiff at Buffalo Federal Detention Center and returned as "undeliverable." Plaintiff has not otherwise communicated with the Court in any of the aforementioned actions.

41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute and for failure to obey the Court's orders; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report–Recommendation and Order; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on the parties in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 15, 2019

                                                          Hon. Andrew T. Baxter
                                                          U.S. Magistrate Judge