**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CARLOS ABREU,**

         **Plaintiff,**

 vs.              **9:18-CV-0186
                   (MAD/ATB)**

**J. WESTON, et al.,**

         **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**CARLOS ABREU**
046 046 276
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**    **JOHN F. MOORE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff *pro se* Carlos Abreu, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action, brought pursuant to 42 U.S.C. § 1983, asserting numerous claims arising out of his confinement. *See* Dkt. Nos. 1, 50. Plaintiff's address is currently unknown to the Court, having failed to provide a current address, beginning in June 2019 when his mail was returned "undeliverable." Dkt. No. 116. Further mailings sent to Plaintiff's last known address, including Magistrate Judge Baxter's Report and Recommendation, have similarly been returned "undeliverable." *See* Dkt. Nos. 118, 120.

Currently before the Court is Magistrate Judge Baxter's Report and Recommendation, recommending that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute.

Plaintiff commenced this action in the United States District Court for the Western District of New York on October 20, 2014. *See* Dkt. No. 1. In January, 2018, Judge Wolford transferred the portion of Plaintiff's claim related to events that occurred at Great Meadow Correctional Facility to this Court. *See* Dkt. No. 56.

On April 3, 2019, Plaintiff was released from DOCCS' custody and transferred to Buffalo Federal Detention Facility to await deportation hearings. *See* Dkt. No. 103 at 1. On April 22, 2019, Plaintiff filed a Notice of Change of Address and a request for the appointment of counsel. *See id.* at 1–2. On May 1, 2019, Plaintiff filed a motion in further support of his request for counsel and for further relief. *See* Dkt. Nos. 106 and 107. However, this was the last occasion where Plaintiff had any contact with the Court regarding this action.

On May 28, 2019, Defendants filed a Status Report advising that a week prior, May 21, 2019, Plaintiff was deported to the Dominican Republic. *See* Dkt. No. 114. Consequently, Defendants moved to administratively close this action or, in the alternative, have the discovery deadline "adjourned without date." *See id.* In a July 19, 2019 Decision and Order, the Court denied Defendants' motion to close the matter and extended the discovery deadline for thirty days. *See* Dkt. No. 117. In the July 2019 Order, the Court reminded Plaintiff of his obligation to keep the Court informed of any address changes. *See id.* at 5. This Decisions and Order was mailed to Plaintiff at his last known address, the Buffalo Federal Detention Facility, but was returned on July 31, 2019 marked "Return to Sender, Attempted - Not Known - Unable to Forward." *See* Dkt. No. 118. On October 15, 2019, Magistrate Judge Baxter issued a Report and Recommendation

recommending the action be dismissed in its entirety. See Dkt. No. 119. This Report and Recommendation was similarly mailed to Plaintiff at the Buffalo Federal Detention Facility and was returned on October 25, 2019 marked "Return to Sender, Attempted - Not Known - Unable to Forward." See Dkt. No. 120.

Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may, in its discretion, dismiss an action based upon a plaintiff's failure to prosecute the action, or to comply with the procedural rules or orders of the court. *See* Fed. R. Civ. P. 41(b);[1] *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (upholding the district court's inherent authority to dismiss an action *sua sponte* for failure to prosecute, notwithstanding the language of Rule 41(b) which appears to permit such action only on motion of the defendant).[2] Dismissal of an action under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d. Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g.*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme"). Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to

---

[1] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[2] *See also Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980) (holding that even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute).

comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

The correctness of a dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Lucas*, 84 F.3d at 535. In general, "no factor is dispositive in determining whether dismissal is warranted." *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998). Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. *See Link*, 370 U.S. at 633.

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that the action should be dismissed in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute and for failure to obey the Court's orders. *See* Dkt. No. 119. Looking to the factors for dismissal under Fed. R. Civ. P. 41(b), the Local Rules of the Court provide that "a plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff' last responded to the Court on May 1, 2019, nearly six months prior to Magistrate Judge Baxter issuing his Report and Recommendation determining that this action should be dismissed. *See* Dkt. Nos. 106, 107, 119. The Local Rules of the Court also require that "[all] . . . pro se litigants must immediately notify the court of any change of address." N.D.N.Y.

4

L.R. 10.1(c)(2) (emphasis omitted). Further, Plaintiff was expressly informed of the requirement to notify the Court of any change of address on two separate occasions.[3] *See* Dkt. No. 58 at 60; Dkt. No. 102. Plaintiff had understood this duty prior, having filed two Notices of Change of Address during the course of this litigation. *See* Dkt. Nos. 81, 103. Although the Court attempted to further warn Plaintiff in its July 2019 Order, that Order did not reach Plaintiff. *See* Dkt. No. 117 at 5; Dkt. No. 118.

As acknowledged by Magistrate Judge Baxter, since May 1, 2019, all communications sent to the address given by Plaintiff have been returned as undeliverable. *See* Dkt. No. 119 at 6-7. This "presents an obvious impediment to the case going forward, resulting in prejudice to Defendants." *See id.* at 7. Discovery in this action has not been completed and Plaintiff has not been deposed. Combine this with Plaintiff's immigration status and the lack of communication regarding his address, and this matter could remain open on this Court's docket "indefinitely." *See id.*; *see also Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, *8 (E.D.N.Y. Sept. 4, 2012).[4] Without knowledge of Plaintiff's whereabouts, less drastic sanctions would be ineffective. *See Peters-Turnbull v. Bd. of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-3 (S.D.N.Y. Oct. 20, 1999), aff'd *Peters-Turnbull v. Bd. of Educ. of the City of N.Y.*, 7 Fed. Appx.

---

[3] Plaintiff is also a frequent litigator in this Circuit, having commenced over twenty actions since 2008. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Jan. 23, 2020).

[4] At the time he was deported, Plaintiff had seven additional active civil rights cases on this Courts' docket. On August 28, 2019, the Court issued an Order dismissing the following actions, without prejudice, for failure to provide the Court with a Notice of Change of Address or otherwise communicate with the Court. *See Abreu v. Travers, et al.*, No. 9:15-CV-0540 (MAD/ATB), Dkt. No. 68; *Abreu v. Hilton, et al.*, No. 9:18-CV-564 (MAD/ATB), Dkt. No. 31; *Abreu v. Dougherty, et al.*, No. 9:18-CV-828 (MAD/ATB); Dkt. No. 33; and *Abreu v. Wells, et al.*, No. 9:18-CV-989 (MAD/ATB), Dkt. No. 38. In each of those cases, the Order was forwarded to Plaintiff at Buffalo Federal Detention Center and returned as undeliverable. Plaintiff has not otherwise communicated with the Court in any of the aforementioned actions.

107 (2d Cir. 2001). Thus, the relevant factors weigh in favor of dismissing the action, pursuant to Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute and failure to obey the Court's orders. *See Din v. Annucci*, No. 9:17-CV-1147 (LEK/DEP), 2019 WL 1494616, *2 (N.D.N.Y. Apr. 4, 2019).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's October 15, 2019 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** in light of his failure to prosecute this action and comply with the orders of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2020
	Albany, New York

Mae A. D'Agostino
U.S. District Judge